UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15 CR 120 (VAB) |
| v. | : | |
| ANTHONY VELEZ | : | JULY 7, 2016 |

### MEMORANDUM IN AID OF SENTENCING

The defendant, Anthony Velez, respectfully submits this memorandum as an aid to the Court as sentencing and in support of his request for a sentence of eighteen month incarceration.

### I.    STATUS OF THE CASE

On February 16, 2016, Mr. Velez entered a guilty plea to Conspiracy to Possess with Intent to Distribute Heroin. In the plea agreement, the government and Mr. Velez entered into a guideline calculation agreement pursuant to U.S.S.G. § 6B1.4. The parties agree that the defendant's base offense level under § 2D1.1(a)(5) and (c)(13) is 14. Two levels are subtracted under § 3E1.1 for acceptance of responsibility. The parties agree that the application of these adjustments results in a total offense of 12, with a Criminal History of Category VI, resulting in an incarceration range of 30 - 37 months.

### II.    ARGUMENT FOR DEPARTURE - MINIMAL PARTICIPANT

Based on the charge and his minimal participation in this conspiracy Mr. Velez should be entitled to a downward departure under U.S.S.G. §3B1.2(a).

Section 3B1.2 of the Sentencing Guidelines provides for a four-level downward adjustment if the defendant was a minimal participant in criminal activity, and a two-level downward adjustment while the defendant was a minor participant. U.S.S.G. §3B1.2. The commentary to the Guidelines provides that a minimal role adjustment applies to a defendant who is plainly among the least culpable of those involved in the conduct of a group. U.S.S.G. §; 3B1.2, comment. (n.1). Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. Id.

In comparison, a minor role adjustment applies to any participant who is less culpable than most others participants, but whose role could not be described as minimal. U.S.S.G. §3B1.2, comment. (n.3). The Guidelines further provide that a mitigating role adjustment is appropriate if the defendant is substantially less culpable than the average participant. Id. If the defendant falls in between being classified as a `minimal participant' and a `minor participant,' he is entitled to a three-level downward adjustment. United States v. Pitre, 960 F.2d 1112, 1127 (2d Cir. 1992); see also U.S.S.G. §3B1.2.

In making this "highly fact-specific" determination, United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993), a district court looks to factors such as "the nature of the defendant's relationship to others participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise," United States v. Yu, 285 F.3d 192, 200 (2d Cir. 2002) (citation and internal quotation marks omitted). Mr. Velez clearly falls into the minimal participant definition provided for in sub-section (a). Mr. Velez was plainly among the least culpable of

those involved in the conduct of the group. He lacked knowledge or understanding of the scope and structure of the enterprise. He made five (5) small purchases from his co-defendant, Vasquez. He was unaware of the scope or structure of Mr. Vasquez's dealings.

Applying a Four-Level departure to his offense level would reduce Mr. Velez's total offense level to 8. When this total offense level is combined with criminal history category VI, Mr. Velez's range is 18 - 24 months.

### III. SENTENCING FACTORS:

The sentencing guidelines is one of the factors to be considered in determining the sentence. <u>U.S. v. Booker,</u> 543 US 220, 224 (2005). Sentencing courts must impose a sentence "sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [18 U.S.C. § 3553(a)]". These purposes are:

> (2) the need for the sentence imposed –
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

18 U.S.C. § 3553 (a)(2). Under Section 3553, sentencing courts must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.

Under Section 3553(a), a sentencing Court must impose the minimally-sufficient sentence to achieve the statutory purposes of punishment, deterrence, protection for the public, and rehabilitation.

Mr. Velez asks the Court to impose a sentence of 18 months. The requested sentence sufficiently reflects the seriousness of Mr. Velez's limited role in this conspiracy. Anthony Velez was a low-level street dealer whose role in this conspiracy is clearly defined by the ten (10) to twenty (20) grams of heroin that constitute the quantity that forms his offense conduct. Based on Mr. Velez's role and conduct in this case, a sentence of 18 months promotes respect for the law.

If the Court imposes a sentence of 18 months followed by three (3) years of supervised release, Mr. Velez would be forty-two (42) years old at the end of his criminal justice supervision. At this age, the likelihood of continued criminal conduct is greatly diminished. Thus, the requested sentence will provide adequate deterrence to Mr. Velez from engaging in further criminal activity. The requested sentence will deter others from engaging in similar conduct. The message the requested sentence would send to those considering such conduct is that no matter how limited one's criminal liability there awaits a penalty of wasted months in jail.

Mr. Velez is disappointed he let himself slip back into the lifestyle that brings him before the Court. In addition, he has exhibited an ability to earn a living through legal means. His work history extends from 2008 through 2015. (PSR ¶¶ 89-91). He has expressed a willingness and desire to be a law-abiding and productive member of society.

This is evidence by his desire to better himself through   Furthermore, his young family will provide Mr. Velez additional incentive to avoid criminal conduct.

Mr. Velez has demonstrated he can be a positive, industrious man who is an asset to his family, employer, and community.

**IV.     CONCLUSION:**

Wherefore, Mr. Velez respectfully asks the Court to impose a sentence of 18 months.

> Respectfully Submitted,
> THE DEFENDANT,
> ANTHONY VELEZ
>
>
> By: /s/ Michael Dolan
> Michael Dolan
> Dolan & Luzzi, LLC
> 1337 Dixwell Avenue
> Hamden, Connecticut  06514
> (203) 230-1678
> Federal Bar No.  ct18220

**CERTIFICATION**

I hereby certify that on this 7th day of July 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to all counsel of record.

> /s/ Michael Dolan
> Michael Dolan